UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAFAEL ELLWANGER DASILVA**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　　　　　**No. 13-13**

**U.S. ATTORNEY GENERAL ET AL.**　　　　　　　　　　**SECTION I**

### ORDER

Before the Court is the motion[1] to dismiss filed by defendants, U.S. Attorney General et al., to which plaintiff, Rafael Ellwanger DaSilva ("DaSilva"), has filed an opposition.[2] For the following reasons, the motion is **GRANTED IN PART**. DaSilva's claims pursuant to the "Mandatory Access Law" and the U.S. Constitution are **DISMISSED WITH PREJUDICE**. The motion is **DISMISSED AS MOOT** in all other respects.

### BACKGROUND

On November 13, 2012, DaSilva requested a copy of his alien file ("A-File") to assist his counsel in defending him at a December 18, 2012 removal proceeding.[3] According to DaSilva, on November 27, 2013, the senior assistant chief counsel for U.S. Immigration and Customs Enforcement "only produced a small handpicked portion of his immigration file" in response.[4] Even without the assistance of the complete A-File, DaSilva was granted lawful permanent resident status on December 18, 2012.[5] On November 29, 2013, DaSilva separately requested a copy of his A-File pursuant to FOIA.

---

[1] R. Doc. No. 22.
[2] R. Doc. No. 29.
[3] R. Doc. No. 11, ¶ 21.
[4] *Id.* ¶ 22.
[5] *Id.* ¶ 26.

On January 4, 2013, DaSilva filed a complaint,[6] which he amended on January 26, 2013.[7] Defendants' motion is moot as it relates to two of DaSilva's three claims. Defendants have withdrawn their request for summary judgment on the exhaustion of administrative remedies pursuant to FOIA, and DaSilva has received his permanent resident card. Presently at issue is DaSilva's third claim, in which he alleges that defendants violated his procedural due process rights by failing to comply with what he describes as the "Mandatory Access Law," 8 U.S.C. § 1229a(c)(2)(B), and that the Court should permanently enjoin defendants "from continuing to refuse to allow aliens in removal proceedings in the New Orleans Immigration Court to obtain a copy of their alien immigration file prior to the aliens' removal hearings."[8]

## *DISCUSSION*

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[6] R. Doc. No. 1.
[7] R. Doc. No. 11.
[8] *Id.* ¶ 3.

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

DaSilva alleges that defendants failed to comply with the "Mandatory Access Law" and violated DaSilva's constitutional right to due process by failing to provide him with a full copy of his A-file during removal proceedings. Defendants contend that the Court lacks subject matter jurisdiction over these claims because of the sovereign immunity afforded to U.S. Citizenship and Immigration Services, a federal agency, and to three federal officials who were sued in their official capacity.[9] In the alternative, defendants contend that these claims are moot because the officers provided the documents to DaSilva that he requested.

DaSilva's response in opposition virtually ignores the sovereign immunity argument. Accordingly, dismissal on this unopposed ground is appropriate. Even if it were not, however, his claims would fail because he has not been prejudiced by defendants' actions.

With respect to the mootness argument, DaSilva contends that he has suffered an "irreparable injury in the form of [a] fundamentally unfair removal proceeding[] in violation of the Due Process

---

[9]R. Doc. No. 22-1, at 7.

Clause."[10] But the allegation of an unfair removal proceeding, in itself, is insufficient. "Due process challenges to deportation proceedings require an initial showing of substantial prejudice." *Salazar v. Gonzales*, 161 F. App'x 393, 396 (5th Cir. 2006) (quoting *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir.1997)); *see also Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002) ("to succeed on a collateral attack of a deportation order on due process grounds, an alien must first demonstrate that he has suffered actual prejudice."). DaSilva relies on *Dent v. Holder*, 627 F.3d 365 (9th Cir. 2010), but the petitioner in that case was found removable. The U.S. Court of Appeals for the Ninth Circuit noted the prejudice requirement, observing, "Prejudice here is plain, because the A-file, when it is fully examined and this case adjudicated on all the facts, may show that Dent is a naturalized citizen of the United States." *Id.* at 373-74. Because DaSilva has not alleged any cognizable prejudice, his claim must be dismissed for failure to state a claim on which relief may be granted.

Accordingly,

**IT IS ORDERED** that the government's motion to dismiss is **GRANTED IN PART**. DaSilva's "Mandatory Access Law" and constitutional claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss is **DISMISSED AS MOOT** in all other respects.

New Orleans, Louisiana, April 19, 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[10] R. Doc. No. 29-2, at 17.