UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAFAEL ELLWANGER DASILVA | CIVIL ACTION |
| VERSUS | No. 13-13 |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES | SECTION I |

## ORDER AND REASONS

Before the Court are cross-motions[1] for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by defendant, United States Citizenship and Immigration Services ("USCIS"), and plaintiff, Rafael Ellwanger DaSilva ("DaSilva"). For the following reasons, USCIS's motion is **GRANTED IN PART** and DaSilva's motion is **DENIED IN PART** with respect to Bates numbers 6-7, 13, 14, 307-08, 344, 507-09, 513, 650, 829, 833-34, 997-1002, 1017-25, 1028-31, 1037-40, and 1050-53. The Court **DEFERS** ruling on Bates numbers 2, 3-4, 5, 510, 537-544, 545-47, 648, 651, 1079-81, and 1082-83 pending *in camera* review. The Court **DEFERS** ruling on Bates numbers 19-20, 25, 26-28, 33-34, 35, 36, 359, and 618-19 pending the submission of a supplementary affidavit. The Court **DISMISSES AS MOOT** the motions insofar as they relate to pages that were referred to another agency.

## BACKGROUND

On November 30, 2012, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, DaSilva requested that USCIS furnish his alien file ("A-File") and copies of emails concerning DaSilva sent to and/or received from Mary Patin ("Patin"), Cindy Gomez ("Gomez"),

---

[1]R. Doc. Nos. 39, 41.

and Jonathan Crawford ("Crawford").[2] On February 25, 2013, DaSilva received a production from USCIS totaling approximately 1,300 pages.[3]

DaSilva and USCIS filed cross motions for summary judgment on DaSilva's FOIA claim. DaSilva argued that USCIS had improperly redacted 31 pages and that USCIS's failure to produce any emails demonstrated that USCIS was improperly withholding information. USCIS argued that it fully complied with FOIA's disclosure requirements and it attached the declarations of Jill Eggleston[4] and Ryan Law,[5] and their supplemental *Vaughn* indexes.[6]

After the motions were submitted, but before they were taken under advisement, USCIS notified the Court and opposing counsel that it "inadvertently overlooked the portion of DaSilva's FOIA request that specifically called for electronic correspondence of Mary Patin, Cindy Gomez, and Jonathan Crawford."[7] USCIS conducted an additional search for the initially requested emails, and on May 20, 2013,[8] over 1,000 pages of emails were furnished to DaSilva, many of which were redacted.[9] The Court ordered supplemental briefing addressing the redactions in these emails.

In his supplemental brief, DaSilva asserts that USCIS is "unlawfully withholding non-exempt information that is reasonably segregable from Defendants' Emails in violation of FOIA."[10] Specifically, DaSilva challenges what he characterizes as the partial redaction of 25 emails and the

---

[2] R. Doc. No. 39-1, at 3.
[3] *Id.* at 4.
[4] R. Doc. No. 41-2.
[5] R. Doc. No. 41-3.
[6] R. Doc. No. 41. A *Vaughn* index refers to detailed descriptions of the withheld documents. *See Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973) (requiring detailed justifications itemizing and indexing each withheld documents in order to support claimed exemptions).
[7] R. Doc. No. 41, at 2.
[8] R. Doc. No. 50-1, at 3.
[9] R. Doc. No. 48-2, at 2.
[10] R. Doc. No. 51, at 5.

full redaction of 525 emails.[11] In its supplemental brief, USCIS contends that the information withheld is exempt from disclosure and any nonexempt information is not segregable.[12] USCIS's supplemental brief includes the declaration of Brian Welch and a corresponding *Vaughn* index relative to the withheld emails.[13]

The parties' briefing did not initially permit the Court to consider the merits of their argument for several reasons, including the absence of a consistent system of reference for identifying particular redactions and associating them with the proper legal argument.[14] Accordingly, the Court ordered the parties to submit second supplemental briefs, and specifically directed plaintiff to identify the particular documents and redactions that he is challenging.[15]

## ANALYSIS

FOIA requires a federal agency, upon request, to disclose records in its possession, unless the requested documents are clearly exempt from disclosure by the statute. 5 U.S.C. § 552 (a)-(b); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). The exemptions are exclusive and should be narrowly construed. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976); *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). Furthermore, there is a strong presumption in favor of disclosure. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (citing *Rose*, 425 U.S. at 361). Accordingly, the government bears the burden of proving that the withheld documents fall within an enumerated exemption. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 141 n.2 (1989); 5 U.S.C. § 552(a)(4)(B) ("the burden is on the agency to sustain its action"). Summary judgment is

---

[11]R. Doc. No. 51, at 5.
[12]*Id.* at 2.
[13]R. Doc. Nos. 50-1, 50-2.
[14]R. Doc. No. 52.
[15]R. Doc. No. 52, at 1.

the preferred method of resolving FOIA cases. *Evans v. United States OPM*, 276 F. Supp. 2d 34, 37 (D.C. Cir. 2003).

The U.S. Court of Appeals for the Fifth Circuit has observed: "A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. The FOIA context is unusual, however, because the threshold question in any FOIA suit is whether the requester can even see the documents the character of which determines whether they can be released." *Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002). "Courts generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions." *Id.* "The agency often makes this explanation in an affidavit, but . . . . the district court should not grant summary judgment based on a 'conclusory and generalized' assertion, even if the FOIA requester has not controverted that assertion." *Id.*

**I. Referred Documents**

USCIS initially produced 1,387 pages, 26 of which were marked "Referred to Immigration and Customs Enforcement" ("ICE") and otherwise left blank.[16]

DaSilva argues that "Defendants' notation of 'Referred to Immigration and Customs Enforcement' is not a lawful reason for withholding under FOIA . . . ."[17] USCIS contends that ICE received the 26 pages referred by USCIS on April 10, 2013, and, "after ICE reviewed the referred documents, six (6) pages were released to DaSilva in their entirety, nineteen (19) pages were released in part, and one (1) page was determined to be a duplicate."[18] DaSilva has not challenged

---

[16] R. Doc. No. 39-1, at 4-5,
[17] R. Doc. No. 39-2, at 13.
[18] R. Doc. No. 41-1, at 7 (citing Ex. B); *see also* R. Doc. No. 41-3 (*Vaughn* index with respect to 26 pages).

this contention or raised any objections to the pages released by ICE. Accordingly, there is no pending challenge to the justifications provided for any such withheld information and the argument that the request should not have been referred is moot. *See also El Badrawi v. Dep't of Homeland Sec.*, 583 F. Supp. 2d 285, 309-10 (D. Conn. 2008) (Hall, J.) ("The legal status of [agency referral] procedures is 'best determined on the basis of their consequences.'") (quoting *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983)).

## II. Withholdings Based on FOIA Exemption 5

5 U.S.C. § 552(b)(5) protects from FOIA requests "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." "To qualify, a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Exemption 5 encompasses the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. *Shermco Indus., Inc. v. Sec'y of the Air Force*, 613 F.2d 1314, 1318 (5th Cir. 1980).

DaSilva argues that the *Vaughn* index is "insufficient as a whole,"[19] but the Court will focus only on those documents he has specifically identified as improperly withheld in whole or in part.

---

[19]R. Doc. No. 60, at 4. To the extent that DaSilva challenges the repetitive explanations present in the *Vaughn* index, the Court finds that the index as a whole, when coupled with a review of the redacted documents, convey enough information for DaSilva and the Court "to identify the records referenced and understand the basic reasoning behind the claimed exemptions." *Morley*, 508 F.3d at 1123.

*See, e.g.*, *Am. Immigration Council v. U.S. Dep't of Homeland Security*, 905 F. Supp. 2d 206, 216-17 (D.D.C. 2012).[20]

### A. Bates Numbers 1079-1081 and 1082-1083

DaSilva challenges the wholesale withholding of Bates numbers 1079-1081 and 1082-1083.[21] These pages are entirely redacted such that they only read: "PAGE WITHHELD PURSUANT TO (a)(d)(5) (b)(5)."

Bates numbers 1079-1081 are described in the *Vaughn* index as follows:

> 00179-1081 (no date) - Three pages of handwritten notes prepared by Agency adjudicator. withheld in its entirety pursuant to exemption (b)(5). This document was created in furtherance of intra-agency communications and deliberations regarding the adjudication of a petition for an immigration benefit. This memorandum, consists of handwritten notes prepared by Agency personnel. These notes reflect inter-agency recommendations of an Agency adjudication officer, and the thought processes of Agency officers. The information includes predecisional opinions, recommendations and identifies case-specific information reflecting the thought process of an Agency adjudicator. Factual information is included in the memorandum, and is protected by the deliberate process privilege because the facts in the document were subjectively chosen as part of the decision making process. The memorandum is therefore predecisional and deliberative and its disclosure would harm the Agency's decision making process. Further, information in this document is withheld under Privacy Act exemption (a)(d)(5). These notes were prepared anticipation of formal immigration court proceedings.

Bates numbers 1082-1083 are explained similarly except for the reference to two, as opposed to three, pages and the law enforcement purposes exemption.

---

[20] A review of some of USCIS's disclosures and the *Vaughn* index shows that many emails were withheld only in small part and some withholdings were attributed to exemptions other than Exemption 5. DaSilva does not appear to challenge USCIS's invocation of the other FOIA exemptions.

[21] R. Doc. No. 60, at 10.

> 1082-1083 (no date) - Two pages of handwritten notes prepared by Agency adjudicator. withheld in its entirety pursuant to exemption (b)(5). This document was created in furtherance of intra-agency communications and deliberations regarding the adjudication of a petition for an immigration benefit. This memorandum, consists of handwritten notes prepared by Agency personnel. These notes reflect inter-agency recommendations of an Agency adjudication officer, and the thought processes of Agency officers. The information includes predecisional opinions, recommendations and identifies case-specific information reflecting the thought process of an Agency adjudicator. Factual information is included in the memorandum, and is protected by the deliberate process privilege because the facts in the document were subjectively chosen as part of the decision making process. The memorandum is therefore predecisional and deliberative and its disclosure would harm the Agency's decision making process. Further, information in this document is withheld under Privacy Act exemption (a)(d)(5). These notes were prepared anticipation of formal immigration court proceedings.
>
> This document also includes investigatory materials compiled for law enforcement purposes, and is exempt from disclosure under Privacy Act exemption (a)(k)(2). The withheld information material has been compiled for a civil, immigration investigating, and was not used as a basis for denying the Plaintiff a benefit to which he was deemed entitled under Federal Law.

DaSilva contends that the *Vaughn* index is insufficient because it states these documents are "somehow *both* an 'intra-agency' document *and* an 'inter-agency' document."[22] DaSilva has provided no relevant legal authority with respect to such arguments. Nonetheless, the Court concludes that the *Vaughn* index is insufficient to justify the complete withholding of these documents based on the asserted deliberative privilege.

The deliberative process privilege encompassed in Exemption 5 shields those documents normally privileged in the civil discovery context. *Sears, Roebuck & Co.*, 421 U.S. at 149. The

---

[22]R. Doc. No. 60, at 10.

purpose of this privilege is to allow agencies to freely explore possibilities, engage in internal debates, and encourage frank discussion without fear of public scrutiny. *Klamath Water Users Protective Ass'n*, 532 U.S. at 8; *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982). In order for the deliberative process privilege to apply, a document must be both "deliberative" and "predecisional." *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

A "deliberative" document is one that would, if disclosed, expose an agency's decision-making process in such a way that would chill "candid discussion within the agency," thereby undermining the "agency's ability to perform its functions." *Dudman Commc'n Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987). Additionally, a "predecisional" document is one prepared in order to assist the decision-maker in arriving at a decision and may include such things as proposals, draft documents, and other subjective documents that reflect opinions of the writer rather than agency policy. *Coastal Gas States Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *see also Shermco Indus., Inc.*, 613 F.2d at 1318. "To ascertain whether the documents at issue are pre-decisional, the court must first be able to pinpoint an agency decision or policy to which these documents contributed." *Morley v. CIA*, 508 F.3d 1108, 1127 (D.C. Cir. 2007) (quoting *Paisley v. CIA*, 712 F.2d 686, 698 (D.C. Cir.1983)).

There is potentially more than one agency decision at issue in this case.[23] Given that the handwritten notes are apparently not dated and that the *Vaughn* index does not provide information by which the Court could ascertain their date, it is impossible to determine the agency decision to which these documents contributed. Accordingly, while the notes may be exempt from disclsoure, "the court has no basis to find that the documents meet the strict criteria of Section 552(b)(5)."

---

[23]R. Doc. No. 1, at 6; *see also* Civil Action Nos. 12-538, 12-807.

*Hajro v. USCIS*, 832 F. Supp. 2d 1095, 1114 (N.D. Cal. 2011). The Court defers ruling as to Bates numbers 1079-1081 and 1082-1083 pending an *in camera* review of the documents to determine whether they are subject to the deliberative privilege.

**B. Bates numbers 2, 3-4, and 5**

DaSilva challenges these withholdings on the basis that the *Vaughn* index relies on "broad, categorical descriptions of documents using statutory language and legal conclusions" and that the *Vaughn* index uses summary categories without any individual description of documents.[24] He contends that USCIS's documentation is insufficient to determine whether the requirements of Exemption 5 are met.[25]

Bates 2 refers to a one-page email created July 11, 2012, and withheld in part pursuant to exemption (b)(5). It was sent by a "Supervisory Immigration Services Officer" to USCIS "Associate Counsel" and a USCIS "Field Officer Director."[26] Defendant has not redacted the identities of the sender or recipients, the subject of the email ("Cancel NTA in Enforce"), or the date and time that it was sent. Defendant has redacted, however, what appears to be the sole substantive paragraph in the email.

Bates 3-4 refers to a two-page email created May 4, 2012, and withheld in part pursuant to exemption (b)(5). Once again, defendant has not redacted the identities of the sender, recipients, or the subject of the email ("DaSilva"), or the date and time that it was sent. The primary email appears to consist of a two-sentence paragraph. The first sentence reads: "I put the file and the copies (except

---

[24]R. Doc. No. 60, at 7; *see also id.* at 13, 18.
[25]R. Doc. No. 60, at 10.
[26]The individuals' identities are listed in the email. The Court discerned these titles from a brief review of the surrounding emails.

the marriage photos) on your desk." The next sentence is redacted. Bates 3-4 also includes a prior email, which is not redacted.

The *Vaughn* index's discussion of the emails withheld in whole or in part generally consists of repetitive conclusory statements. While there is nothing unlawful about using a "cut and paste" word processor function to repeat the same argument, doing so is not helpful where that argument is not specific enough to justify summary judgment.[27] USCIS's *Vaughn* index and accompanying affidavits "provide a meager basis for the court to make a reasoned determination that application of the exemption is proper, and without more, are insufficient to justify" the withholdings. *Hajro*, 832 F. Supp. 2d at 113. While the emails may be subject to the exemption, that fact cannot be determined on the summary judgment record. *Id.* at 114. Accordingly, the Court will also conduct an *in camera* review of Bates numbers 2 and 3-4.

According to the *Vaughn* index, Bates 5 refers to a May 3, 2012 one-page email withheld in part pursuant to exemption (b)(6). The only part of the email that is redacted is an email address. The *Vaughn* index asserts that the document includes an email address of a USCIS contract employee, which is exempt from disclosure because the individual's interest in privacy outweighs the public's interest in disclosure. DaSilva has not offered any legal argument as to this exemption. No *in camera* review is necessary with respect to this document, and USCIS is entitled to summary judgment with respect to Bates number 5.

**C. Bates Numbers 6-7, 13, 14, 307-08, 1082-83, and 650.**

---

[27]See, e.g., *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 147 (D.C. Cir. 2006) ("[C]odes and categories may be sufficiently particularized to carry the agency's burden of proof.").

DaSilva argues that the *Vaughn* index with respect to these documents contains "discrepancies," such as referring to a withheld document as an email, then as a memorandum, then as an email.[28] He offers no legal authority, however, to the effect that referring to a document both as an email and as a memorandum is inconsistent and impermissible. A review of the documents, including the redactions, shows little uncertainty as to their nature. For example, with respect to Bates numbers 307-08, the document is clearly marked and formatted as a memorandum. Only one, final, paragraph is redacted. With respect to Bates number 650, another example, the *Vaughn* index describes this as a two-page email between USCIS field personnel and a USCIS attorney and describes the withheld information as "a draft response to an immigration issue." The unredacted part of the email expressly states, "This is my draft version," and shows that the email included several attachments.[29]

DaSilva appears to challenge the perceived sloppiness of the *Vaughn* index with respect to these pages, but he does not challenge the validity of the exemptions. Accordingly, USCIS is entitled to summary judgment with respect to 6-7, 13, 14, 307-308, 650.

**D. Bates Numbers 19-20, 25, 26-28, 33-34, 35, 36, 359, and 618-19**

With respect to these documents, DaSilva contends that defendant confusingly refers to both exemption (b)(5) and (b)(6).[30] A review of these pages and the *Vaughn* index strongly suggests that the references to (b)(6) were typographical errors, but the Court is reluctant to make that finding at this stage. Accordingly, the Court defers ruling with respect to these pages pending USCIS's submission of a supplemental affidavit.

---

[28]R. Doc. No. 60, at 13-14.
[29]DaSilva has not argued that email attachments were impermissibly withheld.
[30]R. Doc. No. 60, at 14.

**E. Bates Numbers 1017-25**

DaSilva attacks the "nonsensical" reasons given in the *Vaughn* index relative to Bates numbers 1017-25.[31] He emphasizes the following *Vaughn* index statement: "The information withheld pursuant to FOIA exemption (b)(5) which are , redacted noted of Agency personnel . . . ."[32] A reading of the complete *Vaughn* index entry shows that the information provided is sufficiently clear, however. The *Vaughn* index shows that these pages are a nine-page email chain, with attachment. The email "discusses matters related to the settlement of a lawsuit against USCIS," and the "attachment consists of a draft settlement proposal for review by counsel and field personnel. The attachment relates to the emergency issue of a form I-551 . . . ."

DaSilva's commentary on the sloppy drafting in the affidavit, which includes numerous typographical errors, has some merit. It does not carry the day, however, as a matter of law. USCIS is entitled to summary judgment with respect to Bates numbers 1017-25.

**F. Bates Numbers 537-44, 545-47, and 651**

DaSilva alleges that these pages, which contain withholdings that the USCIS justifies with the work-product and attorney-client privileges, "rely on categorical summaries that supposedly apply to multiple, different documents."[33] The fact that USCIS "made the same mistake of forgetting to put a period at the end" of certain repetitive statements does not concern the Court. But the Court agrees that the two privileges cannot be invoked interchangeably. The Court examines each document in turn.

---

[31]R. Doc. No. 60, at 14. Although DaSilva refers to 107-1025, this appears to be a typographical error.
[32]R. Doc. No. 60, at 14.
[33]R. Doc. No. 60, at 16.

Bates numbers 537-544 consist of an eight-page memorandum from an Immigration Services Officer to an Assistant U.S. Attorney. The memorandum's subject indicates that it is a "Response to Complaints/Allegations" in a specific case in which the sender was a defendant represented by the recipient. The unredacted text of the memorandum reads: "Attached you will find my responses to the complaints/allegations which are contained in the above mentioned lawsuit." The subsequent pages are redacted.

Bates numbers 545-47 consist of a three-page memorandum, which shows the same sender and recipient. The subject line references the relevant case number and "Timeline of Events."

Bates number 651 is a one-page memorandum from associate USCIS counsel to a USCIS District Director dated "May , 2012." The subject references the same lawsuit referenced above. The *Vaughn* index states that the memorandum addresses the timeline of events relevant to a lawsuit.

According to the *Vaughn* index, the withheld information in these documents "discusses proposed responses to a lawsuit" and identifies case-specific information reflecting the thought process of USCIS counsel, for use by Department of Justice Counsel."

The *Vaughn* index invokes the deliberative process privilege, as well as the attorney work product and attorney-client privilege with respect to both of these documents. The *Vaughn* index directly addresses the deliberative process privilege, but it is not at all apparent that this privilege is applicable to these documents. While the attorney-client privilege or attorney work product privilege seem the more likely candidates, neither the *Vaughn* index nor USCIS's briefing addresses these privileges.

Accordingly, the Court will conduct an *in camera* review as to Bates numbers 537-44, 545-47, and 651.

**G. Bates Numbers 344, 507-10, 513, 829, 833-34, 997-1002, 1028-31, 1037-40, and 1050-53.**

According to DaSilva, USCIS withheld or redacted documents "without any FOIA exemptions listed on the document."[34] This is not true. Each of these pages lists, for example, "Withheld in Full (b)(5)." Moreover, they are generally addressed in the *Vaughn* index. Bates numbers 510 and 648, however, do not seem to be addressed in the *Vaughn* index. Accordingly, USCIS is entitled to summary judgment as to Bates numbers 344, 507-09, 513, 829, 833-34, 997-1002, 1028-1031, 1037-40, 1050-53. The Court defers ruling on Bates numbers 510 and 648, pending the submission of a supplementary affidavit.

## CONCLUSION

**IT IS ORDERED** that the motions for summary judgment are **DISMISSED AS MOOT** relative to the documents referred to ICE.

**IT IS FURTHER ORDERED** that USCIS's motion for summary judgment is **GRANTED IN PART** and DaSilva's motion for summary judgment is **DENIED IN PART**. USCIS has satisfactorily shown that the withholdings and/or redactions fall within FOIA's exemptions with respect to the following documents: Bates numbers 6-7, 13, 14, 307-08, 344, 507-09, 513, 650, 829, 833-34, 997-1002, 1017-25, 1028-31, 1037-40, and 1050-53.

**IT IS FURTHER ORDERED** that the Court **DEFERS** ruling on the cross motions pending *in camera* review of the following documents: Bates numbers 2, 3-4, 5, 510, 537-44, 545-47, 648, 651, 1079-81, and 1082-83. USCIS shall provide the Court with an unredacted copy of these documents no later than **Monday, September 16, 2013**.

---

[34]R. Doc. No. 60, at 20-21.

**IT IS FURTHER ORDERED** that the Court **DEFERS** ruling on the following documents pending the submission of a supplemental affidavit: Bates numbers 19-20, 25, 26-28, 33-34, 35, 36, 359, and 618-19. USCIS shall submit a supplementary affidavit relative to these documents on or before **Monday, September 16, 2013**.

New Orleans, Louisiana, September 4, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**