UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAFAEL ELLWANGER DASILVA                                    CIVIL ACTION

VERSUS                                                      No. 13-13

U.S. CITIZENSHIP AND                                        SECTION I
IMMIGRATION SERVICES

## ORDER AND REASONS

Before the Court are cross-motions[1] for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by defendant, United States Citizenship and Immigration Services ("USCIS"), and plaintiff, Rafael Ellwanger DaSilva ("DaSilva"). The Court previously deferred ruling on these motions as they relate to certain documents not adequately addressed in prior briefing and submissions. For the following reasons, and pursuant to an *in camera* review of the unredacted documents,[2] USCIS's motion is **GRANTED IN PART** and DaSilva's motion is **DENIED IN PART** with respect to Bates numbers 2, 3-4, 537-44, 545-47, 651, 1079-81, and 1082-83. Moreover, having considered USCIS's supplementary affidavit,[3] USCIS's motion is **GRANTED IN PART** and DaSilva's motion is **DENIED IN PART** with respect to Bates numbers 19-20, 25, 26-28, 33-34, 35, 36, 359, 510, 648, and 618-19.

Background information on the above-captioned matter, as well as a partial disposition of the pending motions for summary judgment, is available in the Court's prior order and reasons.[4]

---

[1] R. Doc. Nos. 39, 41.
[2] R. Doc. No. 66.
[3] R. Doc. NO. 64.
[4] *See* R. Doc. No. 62; *see also* R. Doc. No. 66.

-1-

## LAW AND ANALYSIS

The Freedom of Information Act ("FOIA") requires a federal agency, upon request, to disclose records in its possession, unless the requested documents are clearly exempt from disclosure by the statute. 5 U.S.C. § 552 (a)-(b); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975). The exemptions are exclusive and should be narrowly construed. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976); *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). Furthermore, there is a strong presumption in favor of disclosure. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (citing *Rose*, 425 U.S. at 361). Accordingly, the government bears the burden of proving that the withheld documents fall within an enumerated exemption. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 141 n.2 (1989); *see also* 5 U.S.C. § 552(a)(4)(B) ("the burden is on the agency to sustain its action"). Summary judgment is the preferred method of resolving FOIA cases. *Evans v. U.S. OPM*, 276 F. Supp. 2d 34, 37 (D.C. Cir. 2003).

The U.S. Court of Appeals for the Fifth Circuit has observed: "A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. The FOIA context is unusual, however, because the threshold question in any FOIA suit is whether the requester can even see the documents the character of which determines whether they can be released." *Cooper Cameron Corp. v. U.S. Dep't of Labor, OSHA*, 280 F.3d 539, 543 (5th Cir. 2002). "Courts generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions." *Id.* "The agency often makes this explanation in an affidavit, but . . . . the district court should not grant summary judgment based on a 'conclusory and generalized' assertion, even if the FOIA requester has not controverted that assertion." *Id.*

5 U.S.C. § 552(b)(5) protects from FOIA requests "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." "To qualify, a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Exemption (b)(5) encompasses the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. *Shermco Indus., Inc. v. Sec'y of the Air Force*, 613 F.2d 1314, 1318 (5th Cir. 1980).

The deliberative process privilege, which is the primary privilege at issue in this case, shields those documents normally privileged in the civil discovery context. *Sears, Roebuck & Co.*, 421 U.S. at 149. The purpose of this privilege is to allow agencies to freely explore possibilities, engage in internal debates, and encourage frank discussion without fear of public scrutiny. *Klamath Water Users Protective Ass'n*, 532 U.S. at 8; *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982). In order for the deliberative process privilege to apply, a document must be both "deliberative" and "predecisional." *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

A "deliberative" document is one that would, if disclosed, expose an agency's decision-making process in such a way that would chill "candid discussion within the agency," thereby undermining the "agency's ability to perform its functions." *Dudman Commc'n Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987). Additionally, a "predecisional" document is one prepared in order to assist the decision-maker in arriving at a decision and may include such things as proposals, draft documents, and other subjective documents that reflect opinions of the writer

rather than agency policy. *Coastal Gas States Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *see also Shermco Indus., Inc.*, 613 F.2d at 1318. "To ascertain whether the documents at issue are pre-decisional, the court must first be able to pinpoint an agency decision or policy to which these documents contributed." *Morley v. CIA*, 508 F.3d 1108, 1127 (D.C. Cir. 2007) (quoting *Paisley v. CIA*, 712 F.2d 686, 698 (D.C. Cir. 1983)).

**I. Bates Numbers 1079-81 and 1082-83**

The Court previously deferred ruling on these documents, explaining:

> There is potentially more than one agency decision at issue in this case.[5] Given that the handwritten notes are apparently not dated and that the *Vaughn* index does not provide information by which the Court could ascertain their date, it is impossible to determine the agency decision to which these documents contributed. Accordingly, while the notes may be exempt from disclosure, "the court has no basis to find that the documents meet the strict criteria of Section 552(b)(5)." *Hajro v. USCIS*, 832 F. Supp. 2d 1095, 1114 (N.D. Cal. 2011). The Court defers ruling as to Bates numbers 1079-1081 and 1082-1083 pending an *in camera* review of the documents to determine whether they are subject to the deliberative privilege.

The Court has conducted an *in camera* review of the unredacted documents[6] and concludes they are pre-decisional notes taken by an agency employee. No non-exempt, segregable portions are identifiable.

Although undated, the notes' discussion of events that occurred in 2010 provide some indication of the time at which they were written. The notes also refer to an interview or interviews attended by DaSilva and his second wife. Considering the allegations DaSilva presented in a prior proceeding, which he has also set forth as evidence in this case,[7] it is clear that these notes are

---

[5]R. Doc. No. 1, at 6; *see also* Civil Action Nos. 12-538, 12-807.
[6]R. Doc. No. 66, at 17-21.
[7]*See* R. Doc. No. 39-5.

deliberative and predecisional relative to the processing of DaSilva's second Form I-485.[8]

Accordingly, USCIS is entitled to summary judgment as to these documents.

**II. Bates Numbers 2, 3-4**

The Court previously deferred ruling on these documents, explaining:

> The *Vaughn* index's discussion of the emails withheld in whole or in part generally consists of repetitive conclusory statements. While there is nothing unlawful about using a "cut and paste" word processor function to repeat the same argument, doing so is not helpful where that argument is not specific enough to justify summary judgment.[9] USCIS's *Vaughn* index and accompanying affidavits "provide a meager basis for the court to make a reasoned determination that application of the exemption is proper, and without more, are insufficient to justify" the withholdings. *Hajro*, 832 F. Supp. 2d at 113. While the emails may be subject to the exemption, that fact cannot be determined on the summary judgment record. *Id.* at 114. Accordingly, the Court will also conduct an *in camera* review of Bates numbers 2 and 3-4.

The Court has examined the unredacted versions of these documents.[10] The content that is redacted is both deliberative and predecisional relative to the issuance of a Notice to Appear. Accordingly, USCIS is entitled to summary judgment as to these documents.

**III. Bates Numbers 19-20, 25, 26-28, 33-34, 35, 36, 359, and 618-19**

The Court previously observed:

> With respect to these documents, DaSilva contends that defendant confusingly refers to both exemption (b)(5) and (b)(6).[11] A review of these pages and the *Vaughn* index strongly suggests that the

---

[8] The parties have not suggested that there are other proceedings to which DaSilva's marriages were relevant.
[9] See, e.g., *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 147 (D.C. Cir. 2006) ("[C]odes and categories may be sufficiently particularized to carry the agency's burden of proof.").
[10] R. Doc. No. 66, at 2-4.
[11] R. Doc. No. 60, at 14.

> references to (b)(6) were typographical errors, but the Court is reluctant to make that finding at this stage. Accordingly, the Court defers ruling with respect to these pages pending USCIS's submission of a supplemental affidavit.

USCIS has provided a supplementary affidavit, which makes clear that its previous references to (b)(6) were typographical errors and that USCIS is relying on exemption (b)(5).[12] USCIS is entitled to summary judgment as to these documents.

**IV. Bates Numbers 537-44, 545-47, and 651**

The Court previously observed:

> The *Vaughn* index invokes the deliberative process privilege, as well as the attorney work product and attorney-client privilege with respect to [these] documents. The *Vaughn* index directly addresses the deliberative process privilege, but it is not at all apparent that this privilege is applicable to these documents. While the attorney-client privilege or attorney work product privilege seem the more likely candidates, neither the *Vaughn* index nor USCIS's briefing addresses these privileges. Accordingly, the Court will conduct an *in camera* review as to Bates numbers 537-44, 545-47, and 651.

The work product privilege shields materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3).

Having conducted an *in camera* review of the unredacted documents,[13] the Court is satisfied that each of these documents is subject to the work product privilege. The Court need not discern whether any other type of privilege applies as well. USCIS is entitled to summary judgment as to these documents.

---

[12]R. Doc. No. 64-1, at 2-6.
[13]R. Doc. No. 66, at 5-16.

**V. Bates Numbers 510 and 648**

Although it initially appeared that a supplementary affidavit was necessary with respect to Bates number 648, USCIS has explained that the copy of Bates number 648 previously delivered to plaintiff and the Court was not redacted by USCIS and matches the version in USCIS's possession. In short, no information was withheld, and USCIS is entitled to summary judgment as to this document.

With respect to Bates number 510, the government has provided a supplementary affidavit that makes clear the original *Vaughn* index inadvertently omitted this page number when providing an explanation relative to 506-509. Collectively, the affidavit explains, Bates numbers 506-10 consist of a "four page e-mail, with draft document attached."[14] Accordingly, USCIS is entitled to summary judgment with respect to Bates number 510.

## CONCLUSION

For the foregoing reasons, USCIS is entitled to summary judgment with respect to Bates numbers 2, 3-4, 5, 19-20, 25, 26-28, 33-34, 35, 36, 359, 510, 537-44, 545-47, 618-19, 648, 651, 1079-81, and 1082-83. The Court's prior order granted USCIS summary judgment as to the other redactions and withholdings challenged by DaSilva.

Accordingly,

---

[14] R. Doc. No. 64-1, at 5. DaSilva only challenged the omission of any information as to Bates number 510; he did not challenge the substance of the affidavit with respect to Bates numbers 506-09.

**IT IS ORDERED** that USCIS's motion for summary judgment is **GRANTED** and that DaSilva's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, September 19, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**