UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAFAEL ELLWANGER DASILVA** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-13** |
| **U.S. CITIZENSHIP AND IMMIGRATION SERVICES** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] by plaintiff, Rafael Ellwanger DaSilva, for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to which defendant, the United States Citizenship and Immigration Services ("USCIS"), has filed an opposition.[2] For the following reasons, the motion is **DENIED**.[3]

## BACKGROUND

Plaintiff filed an amended complaint on January 26, 2013.[4] As relevant to the instant motion, plaintiff sought "injunctive and mandamus relief to remedy Defendants' unlawful refusal to issue to Plaintiff a Form I-551, Permanent Resident Card," in violation of a U.S. Immigration Court's order.[5] Notwithstanding plaintiff's somewhat misleading allegation that defendants were simply

---

[1]R. Doc. No. 73; *see also* R. Doc. No. 80.
[2]R. Doc. No. 77.
[3]Glenda M. Raborn, Joseph La Rocca, and Cindy Gomez were named as defendants in plaintiff's amended complaint. R. Doc. No. 11. "[A]ny remaining claims" against these parties were dismissed on May 10, 2013, as the "parties agreed that, in light of the disposition of prior motions, the sole proper defendant remaining in this action is USCIS." R. Doc. No. 46, at 1. Although USCIS's opposition is filed only on behalf of itself, the same attorney previously represented the other defendants, and the arguments set forth by USCIS apply with equal force to them. For simplicity, the Court refers to "defendants" throughout.
[4]R. Doc. No. 11.
[5]R. Doc. No. 11, at 1-2.

"refus[ing]" to obey the order,[6] it quickly became clear that the Form I-551 card, also known as a green card, had been mailed to plaintiff, and U.S. Postal Service tracking confirmed the delivery of the card at the address previously provided by plaintiff.[7] However, plaintiff contended that he never received the card.[8] Accordingly, the parties' dispute focused on the provision of a replacement card.

At a March 14, 2013 status conference, "[t]he parties advised the Court of their agreement that the judgment of the U.S. Immigration Court entitles plaintiff to a green card."[9] The government reiterated its contention that "if, as he alleged, DaSilva lost or did not receive the card, then he simply has to complete an application for a replacement (Form I-90) and one will be provided to him."[10] Plaintiff asserted that he was refusing to submit the paperwork for a replacement card for several reasons, including his frustration that defendants did not use certified mail to deliver the original card[11] and uncertainty over the processing time associated with a replacement card.

To facilitate resolution of the parties' dispute, the Court ordered that "plaintiff shall complete all forms necessary to request issuance of a green card, prepare an affidavit in support of the allegation that the previously issued card was not received, and provide counsel for defendants with a copy of the application and affidavit."[12] The Court further ordered that defendants issue the card within seven days of receiving the proper forms and affidavit and that the parties decide on a

---

[6]*E.g.*, R. Doc. No. 11, at 10.
[7]R. Doc. No. 22-2, at 2-3. The mail carrier also submitted a declaration that she recalled placing a piece of mail with the relevant tracking number at the correct address. *Id.* at 30.
[8]R. Doc. No. 15-5, at 2.
[9]R. Doc. No. 25, at 1.
[10]R. Doc. No. 22-1, at 4; (citing R. Doc. No. 22-2, at 3).
[11]*See also* R. Doc. No 73-1, at 16.
[12]R. Doc. No. 25, at 1.

mutually agreeable delivery method.[13] The parties agree that the card was subsequently delivered to plaintiff.[14] Plaintiff now seeks an award of attorney's fees and costs under 28 U.S.C. § 2412.

## LAW AND ANALYSIS

A court must award attorney fees under § 2412(d)(1)(A) if: "(1) the claimant is a 'prevailing party'; (2) the Government's position was not 'substantially justified'; and (3) there are no special circumstances that make an award unjust." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). The Court concludes that plaintiff is not entitled to relief because he is not a prevailing party and because defendants' position was substantially justified. Accordingly, it need not consider whether there are special circumstances at issue.

A plaintiff may be considered a "prevailing party" under the EAJA if he "succeed[s] on any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit." *Id.* (quoting *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001)). A prevailing party must: "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Augustine v. Police Jury of Avoyelles Parish*, 388 F. App'x 410, 411 (5th Cir. 2010) (quoting *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008)).

"A plaintiff does not become a prevailing party if the court merely recognizes what the government has voluntarily agreed to and only 'requir[es] [the government] to follow through with what [it] had already voluntarily promised to do.'" *Aronov v. Napolitano*, 562 F.3d 84, 93 (1st Cir.

---

[13]R. Doc. No. 25, at 1.
[14]R. Doc. No. 77, at 2; R. Doc. No. 80, at 7.

2009) (en banc) (quoting *Smith v. Fitchburg Pub. Sch.*, 401 F.3d 16, 27 (1st Cir. 2005)). Similarly, prevailing party status is unwarranted where a court "merely order[s] the parties to comply with statutory procedures and [does] not reach the merits of the claim." *Augustine*, 388 F. App'x at 411.

By requiring defendants to provide a replacement card, but only after plaintiff submitted proper documentation, the Court merely required defendants to "follow through with what [they] had already voluntarily promised to do" pursuant to the standard replacement procedure, albeit with a limitation on the time in which defendants could respond to plaintiff's submission.[15] *See Aronov*, 562 F.3d at 93; *Augustine*, 388 F. App'x at 411. Accordingly, plaintiff is not a prevailing party pursuant to the EAJA. *See also Othman v. Chertoff*, 309 F. App'x 792, 794 (5th Cir. 2008) (Where a court remands a decision to an agency for a determination by a certain date, that "action lack[s] the 'judicial imprimatur' necessary to confer prevailing party status.").

Moreover, defendants' position was substantially justified. "'Substantially justified' means 'justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person.' In other words, it means a 'reasonable basis both in law in fact.'" *Sims,* 238 F.3d at 602 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The burden of proving substantial justification falls on the Government." *Davidson*, 317 F.3d at 506. Defendants presented evidence that they timely mailed a card to plaintiff, and they also placed a stamp in his passport to evidence his lawful status after the card was, allegedly, not received by plaintiff.[16] After plaintiff submitted

---

[15]Of note, the Court had no indication that defendants would have taken an unduly long time to process the application for a replacement card. The time constraint imposed was intended solely to facilitate efficient resolution of the litigation.

[16]*E.g.*, R. Doc. No. 22-2, at 2-3, 30-31.

the proper documentation for a replacement card, defendants promptly provided one to plaintiff.[17]

These actions would satisfy a reasonable person as substantially justified. *See id.*

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff was not a prevailing party and that defendants' actions were substantially justified. Accordingly,

    **IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, February 3, 2014.

                                      **LANCE M. AFRICK**
                                      **UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. No. 77, at 2; R. Doc. No. 80, at 7.