# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

RAFAEL ELLWANGER DASILVA                                        CIVIL ACTION

VERSUS                                                                                                 No. 13-13

U.S. CITIZENSHIP AND                                               SECTION I
IMMIGRATION SERVICES

## ORDER AND REASONS

Before the Court is a motion[1] by the government for leave to file an untimely opposition to plaintiff's revised motion for attorney's fees. Plaintiff, Rafael Ellwanger Dasilva, has filed an opposition.[2]

Plaintiff's revised motion for attorney's fees was set for submission on Wednesday, February 26, 2014.[3] On Monday, February 24, 2014, the Court's law clerk contacted defense counsel to inquire, purely as an administrative matter, whether the revised motion was opposed, as no opposition had been filed by the deadline.[4] The law clerk affirmatively stated, to be absolutely clear, that this inquiry in no way reflected on the merits of the revised motion, which had yet to be reviewed, and that this inquiry should not be construed as a request for an opposition. Defense

---

[1] R. Doc. No. 85.
[2] R. Doc. No. 86.
[3] R. Doc. No. 83.
[4] In the Court's experience, although not always applicable, this approach to administrative matters is economical from both the parties' and the Court's perspective with respect to certain substantive motions. On the same date that counsel was contacted in this case, Court personnel made similar calls in several other cases solely to determine if motions to dismiss and motions for summary judgment were opposed. If the motion is not opposed, this approach prevents the Court from prematurely beginning to research and draft an opinion in anticipation of a contested motion. If the matter is opposed, it provides the Court with notice that it would be erroneous to characterize the motion as "unopposed" rather than, for example, noting that no timely opposition has been filed in the record. At present, no judicial resources have been expended on the pending revised motion for attorney's fees.

counsel indicated that there was some misunderstanding as to the interpretation of the Court's prior order and reasons,[5] and that such misunderstanding would be described in a document filed in the record, to which opposing counsel would have the opportunity to respond. The characterization by plaintiff's counsel, Michael Gahagan, of these communications as "advice given to Defendant's attorney in how to advocate against Plaintiff's interest in the case at bar" is spurious.[6]

Unfortunately, this is not the first time that Mr. Gahagan has inserted misrepresentations into the record. For example, in Civil Action No. 12-538, a case involving the same client, Mr. Gahagan accused opposing counsel of using "secret . . . redaction and 'hide the witness' tricks," acting in bad faith, and tampering with evidence.[7] Opposing counsel correctly responded that Federal Rule of Civil Procedure 5.2 requires certain personally identifiable information to be redacted, and offered to file unredacted versions of the documents under seal.[8] Notwithstanding the fact that this was explained to him, Mr. Gahagan later again accused opposing counsel of "secretly redact[ing]" evidence and "doctor[ing] documents," and requested sanctions pursuant to Rule 11.[9]

The undersigned U.S. District Judge clearly recalls that in one of the cases in which Mr. Gahagan participated on behalf of this client, the Court cautioned Mr. Gahagan that vitriolic misrepresentations, including misrepresentations that another attorney had breached his ethical obligations, could warrant sanctions, and that Mr. Gahagan's other filings had been characterized

---

[5] R. Doc. No. 82, at 20 ("[P]laintiff shall file a separate motion . . . addressing the proper amount of attorney's fees . . . .").
[6] Construing a law clerk's statement, or implication, that an opposition could be filed (which, it appears, was plain to Mr. Gahagan) as advice intended to bear against plaintiff's interest is a grave distortion of the record. Mr. Gahagan's concern, however unwarranted, could easily have been addressed by speaking with opposing counsel or scheduling a status conference with the Court.
[7] R. Doc. No. 28-1, at 1, 6, 8.
[8] R. Doc. No. 30, at 6.
[9] R. Doc. No. 40, at 1-2; *see also* R. Doc. No. 42, at 1 (explaining, once again, that Federal Rule of Civil Procedure 5.2 requires the redaction of certain personal information).

by a strikingly unprofessional tone.[10] The Court suggested that Mr. Gahagan take care to ensure factual accuracy and professional tone in documents submitted to the Court. Mr. Gahagan explained that he was relatively new to federal court, and assured the Court that he would be mindful of its caution. Unfortunately, he has not followed through with that assurance.

To be clear, none of this discussion bears on the undersigned U.S. District Judge's evaluation of the merits of the revised motion for attorney's fees.

**IT IS ORDERED** that the objection to ex parte communications is **OVERRULED**.

**IT IS FURTHER ORDERED** that the motion for leave to file an untimely reply is **GRANTED**.

**IT IS FURTHER ORDERED** that the revised motion for attorney's fees will be taken under advisement without oral argument on **Thursday, April 3, 2014, at 9:00 a.m.**

New Orleans, Louisiana, March 27, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[10]In one incident in Civil Action No. 12-538, defense counsel requested a modest two-day extension of time in which to file a reply memorandum, attributing his request to both his workload from other cases and his adherence to the Orthodox Jewish faith, which mandated his observance of three days of sabbath during the period allotted for filing a reply memorandum. R. Doc. No. 34, at 2. The opposition submitted by Mr. Gahagan stated:
> Undersigned counsel is a devout Southern Baptist who has been baptized in the grace of the Lord and who attends church religiously; but undersigned counsel still finds the time to do his job for Plaintiff, *pro bono* at that. Therefore, [defense counsel's] claim that his religion prevents him from doing his job is unfounded, ridiculous and shameless. . . . [defense counsel] is shamelessly using his religion (and email, voicemails, etc., etc.) as an excuse of why he chooses not to meet this Honorable Court's filing deadlines.

R. Doc. No. 35, at 2. The same document falsely asserted that defense counsel "has a history of being untruthful with this Honorable Court." R. Doc. No. 35, at 2.