## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**RAFAEL ELLWANGER DASILVA**                                     **CIVIL ACTION**

**VERSUS**                                                                          **No. 13-13**

**U.S. CITIZENSHIP AND**                                                 **SECTION I**
**IMMIGRATION SERVICES**

### ORDER AND REASONS

Before the Court is a motion[1] by plaintiff for attorney's fees, to which defendant, U.S. Citizenship and Immigration Services ("the government"), has filed an opposition.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

Plaintiff previously submitted a motion for attorney's fees, and the Court issued an order and reasons advising the parties that the undersigned U.S. District Judge was troubled by plaintiff's request for attorney's fees insofar as it included, for example, compensation for hours spent on activities "wholly unrelated to either of plaintiff's FOIA claims, much less his successful one."[3] The Court instructed plaintiff's counsel, Michael Gahagan, to either explain such items or omit them in a revised motion.[4] The Court ordered plaintiff to submit a revised motion and time sheet "consistent with the directives herein, addressing the proper amount of attorney's fees relative solely to the disclosure of the second set of documents."[5] Instead, plaintiff filed a revised motion[6] for attorney's

---

[1] R. Doc. No. 83.
[2] R. Doc. No. 89.
[3] R. Doc. No. 82, at 15-16.
[4] R. Doc. No. 82, at 16.
[5] R. Doc. No. 82, at 20.
[6] R. Doc. No. 83.

fees that largely re-urges the merits of arguments on which the Court has already ruled.[7] He has attached a revised time sheet.[8] The government contends that the revised time sheet still contains entries that are unrelated to the disclosure of the second set of documents.[9]

## LAW AND ANALYSIS

Once a district court concludes that a party is entitled to attorney's fees, it utilizes the lodestar method to determine the amount to be awarded. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Under this method, a district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the "lodestar." *Id.* (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996)). The lodestar is then adjusted upward or downward, depending on the circumstances of the case, after assessing the dozen factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See also Blue v. Bureau of Prisons*, 570 F.2d 529, 531 (5th Cir. 1978).

The Court previously determined that plaintiff is entitled to attorney's fees at an hourly rate of $200.00,[10] and it now proceeds to the question of the reasonable number of hours expended in this litigation on plaintiff's partially successful FOIA claim. Plaintiff contends that he is entitled to

---

[7]*E.g.*, R. Doc. No. 83-2, at 12-19 (arguing that plaintiff is entitled to attorney's fees); R. Doc. No. 82, at 19 (ruling that plaintiff is entitled to recover attorney's fees for the aspects of his lawsuit relative to the disclosure of the second set of documents but is not entitled to recover attorney's fees for the other aspects of his lawsuit).
[8]R. Doc. No. 83-3.
[9]R. Doc. No. 89.
[10]R. Doc. No. 82, at 18.

$28,040.00 in attorney's fees.[11] Defendant contends that a maximum of $4,900 in fees should be awarded.[12]

## I. Hours Expended

The Court considers plaintiff's request as to three stages of the litigation: Stage 1, when plaintiff had numerous claims pending before the Court; Stage 2, when only plaintiff's FOIA claim was before the Court; and Stage 3, after the Court ruled on plaintiff's FOIA claim.

### A. Stage 1

Plaintiff filed his complaint on January 1, 2013, and on April 19, 2013, the Court dismissed all of plaintiff's claims except for his FOIA claim.[13] Accordingly, for several months, there were both FOIA and non-FOIA claims at issue. Plaintiff seeks attorney's fees for 57.7 hours of work performed during this time period.[14] The government has challenged several time sheet entries during this period as unrelated to plaintiff's FOIA claims or otherwise improper, and the government also asserts a broader challenge as to plaintiff's failure to segregate or adjust his fees pursuant to the Court's order.

#### 1. Motions for Summary Judgment

The government correctly argues that the time entries relative to plaintiff's second motion for partial summary judgment cannot be remotely accurate. Plaintiff originally filed an "emergency" motion[15] for partial summary judgment, which the Court dismissed without prejudice.[16] Mr. Gahagan

---

[11]R. Doc. No. 83-4, at 2.
[12]R. Doc. No. 89, at 5.
[13]R. Doc. No. 37.
[14]R. Doc. No. 83-3, at 2-4.
[15]R. Doc. No. 15.
[16]R. Doc. No. 16.

billed 3.8 hours for the preparation of this motion.[17] Plaintiff later filed a second motion for summary judgment, for which Mr. Gahagan billed 6.5 hours, notwithstanding the fact that both motions appear, as the government contends, "almost identical."[18]

The Court has reviewed both motions and supporting memoranda. The motions themselves are essentially identical, other than changes in the spacing or margins and the deletion of the word "emergency."[19] The statements of facts are also essentially identical, other than the insertion of a single short paragraph in the second version.[20] The supporting memoranda are also essentially identical, other than changes in spacing or margins, with a few minor exceptions.[21] In the second memorandum, counsel inserted two paragraphs noting the existence of other cases in which defendant is involved.[22] Counsel also inserted a one-paragraph block quote from plaintiff's FOIA request letter and attached a letter from opposing counsel.[23]

The Court is baffled as to how Mr. Gahagan could bill anyone 6.5 hours for the insertion of 4 paragraphs and the attachment of a letter from opposing counsel.[24] The Court notes that none of the new paragraphs were especially notable such that, for example, several hours of legal or factual research could have been necessary to reach a relatively concise conclusion. Only one hour of time

---

[17]R. Doc. No. 83-3, at 2.
[18]R. Doc. No. 83-3, at 2.
[19]*See* R. Doc. No. 15; R. Doc. No. 27.
[20] *See* R. Doc. No. 15-2, at 5; R. Doc. No. 27-1, at 5; R. Doc. No. 27-6. Also of note, a sentence in bold text in the first motion was in regular text in the second motion. *See* R. Doc. No. 15-2, at 4; R. Doc. No. 27-1, at 4.
[21]*See* R. Doc. No. 15-2; R. Doc. No. 27-2.
[22]*See* R. Doc. No. 27-2, at 8-9, 12-13; R. Doc. No. 15-3, at 8, 11-12. Counsel also inserted a paragraph break on page 13. R. Doc. No. 27-2, at 13.
[23]R. Doc. No. 27-2, at 11; R. Doc. No. 15-3, at 10.
[24]The Court acknowledges that there may have been other changes that were not readily apparent. The spacing changes in the second motion prevented a simple side-by-side comparison.

for the second motion will be credited toward plaintiff's award, which reflects a generous approximation of the time required to implement the minor edits, and the remaining 5.5 hours will not be credited.

### 2. Service of Other Defendants

The government notes that numerous other time sheet entries are questionable.[25] For example, counsel billed 2.4 hours on January 21, 2013, and February 7, 2013, to draft and file affidavits of service of process.[26] There is only one proper defendant to plaintiff's FOIA claim.[27] Accordingly, only the .3 hours of time associated with the affidavit of service for this defendant will be credited.[28] The remaining 2.1 hours are unrelated to plaintiff's FOIA claim and will not be credited.

### 3. Motion to Dismiss

The government argues that counsel billed 11.3 hours to oppose a motion to dismiss relative to his non-FOIA claims.[29] However, that motion included an argument relative to the timeliness of plaintiff's FOIA claim.[30] Accordingly, the Court will include the time associated with this motion in its initial assessment of the total time plaintiff spent on the case, subject to certain reductions discussed below.[31]

### 4. Presence of Non-FOIA Claims

---

[25]*E.g.*, R. Doc. No. 89, at 4.
[26]*See* R. Doc. No. 89, at 49 (citing R. Doc. No. 83-3, at 2).
[27]R. Doc. No. 46.
[28]The Court will take the time billed for review of notices of plaintiff's own electronic filings into account when imposing a general percentage reduction for billing judgment, as discussed below.
[29]R. Doc. No. 89, at 3.
[30]*See* R. Doc. No. 22-1, at 14-15.
[31]The government ultimately withdrew its argument relative to the timeliness issue. *See* R. Doc. No. 35; R. Doc. No. 36.

Taking the above specific reductions into account, Mr. Gahagan is seeking fees for 50.1 hours billed before April 19, 2013. These hours relate to all of plaintiff's claims, not just his FOIA claim.[32] As the government notes, counsel's failure to adhere to the Court's prior order makes it impossible to accurately assess the number of hours during this time period that were actually spent on plaintiff's partially successful FOIA claim, which was entirely independent from his other claims. Nonetheless, the Court finds that a 66% reduction is appropriate based on the Court's thorough familiarity with the case, "focus[ing] on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).[33] Accordingly, applying this reduction to the 50 remaining hours billed prior to April 18, 2014, **17 hours** are attributable to plaintiff's FOIA claim in Stage 1.[34]

### B. Stage 2

Plaintiff seeks 22.3 hours of attorney's fees for work between April 19, 2013, and May 20, 2013, when the government completed its disclosure of the second set of documents.[35] The government has not challenged any specific items during this time period, in which only plaintiff's

---

[32]Plaintiff initially alleged three causes of action, premised on violations of FOIA, the U.S. Constitution, and the Immigration and the Immigration and Nationality Act. R. Doc. No. 1, at 8-9. Plaintiff later amended his complaint to add a fourth cause of action based on an alleged violation of the Administrative Procedures Act. R. Doc. No. 11, at 15. *See, e.g.*, R. Doc. No. 83-3, at 2 (billing 11.5 hours for drafting the complaint; 5.2 hours for drafting the amended complaint; and 1.6 hours for drafting summons as to all of the defendants).

[33]Although the Court has already specifically excised certain hours within this span, a blanket reduction of 66% is still appropriate based on the Court's assessment of the relevant facts, including the fact that plaintiff's FOIA claim played a relatively minor role in Stage 1 of the litigation.

[34]To summarize, this reflects 57.7 (hours initially requested) - 5.5 (excessive hours associated with the second motion for partial summary judgment) - 2.1 (hours associated with service on non-FOIA defendants) = 50.1 x .34 (reduction for presence of non-FOIA claims) = 17 hours.

[35]R. Doc. No. 83-3, at 4; *see also* R. Doc. No. 82, at 2.

FOIA claim was at issue. Accordingly, the Court considers **22.3 hours** during this period as related to plaintiff's FOIA claim.

### C. Stage 3

Plaintiff contends that 60.2 hours were incurred after May 20, 2013.[36] The government argues that plaintiff is ineligible for attorney's fees during this time frame, because all non-exempt records were released by May 20, 2013.[37] The Court has already determined that plaintiff is ineligible for attorney's fees as to his unsuccessful challenge to the government's limited withholdings.[38] *See also* R. Doc. No. 83-3, at 5 (billing 8.20 hours for reviewing FOIA documents and "arrang[ing] them in chronological order"); *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 825 F. Supp. 2d 226, 231 (D.D.C. 2011) ("Plaintiff is not entitled to recover for time spent reviewing the documents it instituted this lawsuit to obtain.").  Of the 60.2 hours billed after May 20, plaintiff is entitled to attorney's fees only for 9.8 hours associated with the preparation of the first fees motion. While an additional 16.9 hours are attributed to plaintiff's revised motion for attorney's fees and accompanying time sheet,[39] counsel is responsible for the major errors that necessitated the revision. *See Jadwin v. Cnty. of Kern,* 767 F. Supp. 2d 1069, 1140 (E.D. Cal. 2011) ("No additional 'fee on fee time is awarded, i.e., no time is awarded to any counsel concerning the supplemental fee motions/replies, which were necessitated by Plaintiff's counsel's failure to properly support and document the motion."). In sum, of the 60.2 hours billed after May 20, plaintiff is entitled to attorney's fees for **9.8 hours**. Although counsel's overreaching in the

---

[36] R. Doc. No. 83-3, at 5-8.
[37] R. Doc. No. 89, at 2.
[38] *See* R. Doc. No. 82, at 6.
[39] R. Doc. No. 83-3, at 7.

original motion may warrant an additional reduction in the time awarded for preparing that motion, the Court will permit full recovery for these hours.

## II. Billing Judgment

As discussed above, 49.1 hours[40] were expended by counsel in pursuing plaintiff's FOIA claim, not taking into account the exercise of billing judgment. The U.S. Court of Appeals for the Fifth Circuit has observed:

> [P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.

*Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).[41] The Court finds that counsel failed to exercise reasonable billing judgment in several specific ways that have not already been taken into account. This failure to exercise billing judgment is separate from the issue of counsel billing for time that was unrelated to the FOIA claim. *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996) (Reducing hours to reflect partial success does not reflect "billing judgment, as plaintiffs do not have the right to bill for . . . time on issues on which they do not prevail.").

---

[40] 17 (hours in Stage 1) + 22.3 (hours in Stage 2) + 9.8 (hours in Stage 3) = 49.1 hours on FOIA claim.

[41] *Saizan* suggests that a reduction for a lack of billing judgment may be applied to the lodestar, 448 F.3d at 800, while *Hensley*, 461 U.S. at 434, suggests that the reduction may be performed first, to ensure that the lodestar reflects only hours reasonably expended. In any event, the distinction is purely academic given that the Court has been vigilant not to double count any of the reasons for a reduction.

Counsel has presented no documentation of hours written off as unproductive, excessive, or redundant. *See id.*; Leroy *v. City of Houston*, 831 F.2d 576, 585 n.2 (5th Cir. 1987) (noting that, "[d]espite [the district court's] repeated findings that the attorneys exercised billing judgment in this case, the billing records are completely devoid of any hours written off"). Moreover, as noted by defendant, the billing relative to notices of electronic filing is patently unwarranted. Mr. Gahagan often billed the government for 6 minutes for reviewing a notice of electronic filing. For example, he billed 11.5 hours to draft and file plaintiff's complaint, and a separate 6 minutes to review the notice of electronic filing relative to plaintiff's complaint.[42] To put the matter in perspective, at the rate determined by the Court, a client would be charged $20.00 for the time associated solely with reviewing a single boilerplate notice of electronic filing – even when counsel, as the filer, was responsible for the notice.[43] This is absurd. *See also Walters v. City of Hazelwood, Mo.*, No. 09-1473, 2013 WL 3984464, at *3 n.2 (E.D. Mo. Aug. 1, 2013) ("These notices serve the function of certificates of service and do not warrant attorney's fees at all, let alone the rates plaintiff has claimed here.").

A 15% decrease is the minimum appropriate in light of counsel's failure to set forth any evidence of billing judgment and in light of the affirmative evidence of poor billing judgment. Of note, counsel's partial compliance with the Courts's prior order does not constitute billing judgment. Even if it did, counsel's substantial noncompliance would be a much heavier countervailing

---

[42]*E.g.*, R. Doc. No. 83-3, at 2. To be clear, the "review" of such a notice did not encompass a review of the document which had been filed. When the review of such a notice was billed in conjunction with the substantive filing, the time billed consistently exceeded 6 minutes. A sample of the first 30 docket entries in this case shows that counsel billed for reviewing the electronic notices associated with approximately 25 of them. R. Doc. No. 83-3, at 1-4.
[43]R. Doc. No. 70-4.

consideration. Accordingly, the Court concludes that, taking into account the exercise of billing judgment, 41.7 hours were reasonably expended in pursuing plaintiff's FOIA claim.

## III. *Johnson* Factors

Taking into account the 41.7 hours calculated above, and at the previously determined hourly rate of $200.00, the lodestar is $8,340.00 relative to hours expended on the FOIA claim. The Court concludes that the factors set forth in *Johnson,*, 448 F.2d 714, warrant an additional decrease.

The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19. The Court concludes that the "results obtained" factor requires a further decrease. *See Saizan*, 448 F.3d at 801.

The 41.7 hours calculated above encompass plaintiff's entire FOIA claim, which was largely based on a slight delay in retrieving the first set of documents and on a litany of alleged improper redactions throughout both sets of documents. The Court has already determined that the only aspect of the FOIA claim for which plaintiff is entitled to attorney's fees is the initial disclosure of the second set of documents (plaintiff did not succeed in challenging any redactions therein), and the efforts required to achieve this disclosure are not interrelated with the efforts expended in challenging various redactions or acquiring a copy of plaintiff's A-file. *See, e.g.*, *Hensley*, 461 U.S. at 434-36. In light of the fact that plaintiff was largely unsuccessful on his FOIA claim and many

of the hours included in the lodestar reflect unsuccessful efforts, the Court will further reduce the lodestar by 50%. *See Piper v. U.S. Dep't of Justice*, 339 F. Supp. 2d 13, 25 (D.D.C. 2004) (decreasing fees by 50%); *Read v. F.A.A.*, 252 F. Supp. 2d 1108, 1113 (W.D. Wash. 2003) (decreasing fees by 75%).[44] Accordingly, an award of $4,170.00 is appropriate.

Insofar as plaintiff's revised motion seeks an award of costs, the Court has already awarded plaintiff such relief.[45]

## CONCLUSION

The Court believes that a complete refusal of fees is in its discretion, especially insofar as Mr. Gahagan has now submitted a second fee request that is bloated far beyond any arguable entitlement, notwithstanding a Court order to the contrary. *See Envt'l Def. Fund, Inc. v. Reilly*, 1 F.3d 1254, 1258 (D.C. Cir. 1993) ("We may deny in its entirety a request for an 'outrageously unreasonable' amount, lest claimants feel free to make 'unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place.'") (quoting *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980)). Nonetheless, the Court will award the $4,170.00 calculated above, without imposing an offset for behavior that, in the Court's opinion, is more serious than a mere lack of billing judgment or a misunderstanding of the law.

Accordingly**,**

**IT IS ORDERED** that plaintiff's second motion for attorney's fees is **GRANTED IN PART** and that plaintiff is entitled to an attorney's fee award of $4,170.00.

---

[44]Alternatively, such a reduction would be justified solely by the private nature of plaintiff's interest in the case. *Piper*, 339 F. Supp. 2d at 25; *see also* R. Doc. No. 82, at 19.
[45]*See* R. Doc. No. 82, at 19.

**IT IS FURTHER ORDERED** that the motion is **DENIED** in all other respects.

New Orleans, Louisiana, May 7, 2014.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

-12-